**In re SO GOOD POTATO CHIP COMPANY, Debtor (Two Cases).**

**WOERNER PRODUCE CO., INC., Plaintiff,**

v.

**SO GOOD POTATO CHIP COMPANY, So Good South Potato Chip Company and So Good South, Inc.,**

**and**

**Congress Financial Corporation, Defendants (Two Cases).**

**In re SO GOOD SOUTH, INC., Debtor.**

**Bankruptcy Nos. 88–04524–BKC–JJB, 88–04526–BKC–JJB. Adv. Nos. 89–0224–BKC–JJB, 89–0225–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 27, 1991.

See also 116 B.R. 144.

Gregory D. Willard, Carl J. Spector, Pamela LaBruyere, St. Louis, Mo., for Dixico, Inc.

Neil Weintraub, Office of the U.S. Trustee, St. Louis, Mo.

Norman W. Pressman, Trustee, St. Louis, Mo.

Steven Goldstein, Steve Higgins, St. Louis, Mo., for Congress Financial.

Peter D. Kerth, N. Theodore Zink, Jr., Clayton, Mo., for Landmark Bank.

Charles W. Riske, Clayton, Mo., for Joint Committee of Unsecured Creditors.

Lawrence C. Sumner, Clayton, Mo., for Voltaire Corp.

Steven N. Cousins, Susan Bradley Buse, Attorneys for The Kroger Co., St. Louis, Mo.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

Deborah Benoit, Eileen Markey, St. Louis, Mo., for Thompson Potato Co. Inc.

Randall F. Scherck, Jeffrey J. Lowe, St. Louis, Mo., for John McGuinness.

Richard C. Foxworth, Atlanta, Ga., for Atlanta Gas Light.

Arthur S. Hyatt, Clayton, Mo., for Rabin Bros.

Dan J. Kazanas, Klutho, Cody, Kilo, Flynn, Billingsley & Trame, P.C., St. Louis, Mo., for Aranco Enterprises, Inc.

Lawrence J. Bannes, St. Louis, Mo., for Laclede Gas Co.

Steven R. Sullivan, St. Louis, Mo., for Union Elec. Co.

Milton W. Schaeffer, St. Louis, Mo., for David Block.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are several pretrial motions requesting dismissal and summary judgment. These and all other unresolved matters in these consolidated Adversary Proceedings will be resolved by this determination and Order. The Plaintiff has brought these actions to enforce payment from the statutory trust created pursuant to the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c).

The first matter to be determined is the Motion of the Defendant, Congress Financial Corporation (CFC) to Dismiss these Complaints and the Complaint in a related matter in which Thompson Potato Company is the Plaintiff. As it refers to these Adversary Proceedings, the motion is denied, consistent with the determinations set out herein.

■ CFC has argued that the statute of limitations established at 7 U.S.C. § 499f(a) has expired, and that, therefore, these actions are barred. Section 499f(a) however, refers only to administrative reparation actions before the Secretary of Agriculture, and does not extend to separate civil proceedings filed in the District Court. The jurisdiction to hear and determine actions by PACA trust beneficiaries to enforce the payment provisions of the Act is vested in the United States District Court pursuant to 7 U.S.C. § 499e(c)(4). The District Court procedure is intended to be separate from and in addition to the administrative relief provided in the Act. *See* H.R.Rep. No. 98–543, *reprinted in* 1984 U.S.Code Cong. & Admin.News 405, 410. Although initiation of the Administrative process is subject to a nine month statute of limitations, the Act is silent with respect to a time limit on commencement of an action in the District Court. Absent a clear indication of a Congressional intent to impose this period of limitations upon the Article III procedure, the Plaintiff here should not be denied the right to enforce payment through the Courts. The motion of CFC to dismiss these Complaints as being barred by the nine month statute of limitations is denied.

■ The next matter to be considered is the Motion of CFC for Summary Judgment. CFC first argues that since the contract dealings of Woerner and Thompson were exclusively between themselves, Woerner has no basis upon which to recover from a PACA trust created with So Good, the Debtor here. The issue presented is whether a seller may recover through a trust from a third party buyer.

Section 499e(c) establishes a trust for the benefit of the seller of perishable agricultural commodities where the seller has not been paid consistent with the statutorily prescribed or otherwise agreed time period. Subsection 2 provides in part:

Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

While an argument may be made that since the statute provides that the trust exists until *all* sellers are paid, the trust follows the goods. A close reading of the statute, however, limits the trust benefits to single transactions. This specification, together with pertinent legislative history clarifies the intent of Congress that recoveries from trusts may be from the original buyer in the transaction and not subsequent buyers who are not in privity with the original seller.

Legislative history provides the following transcript of a hearing on the trust provisions:

> MR. PANETTA. Let me do it this way. If A sells the goods to B, then B establishes a trust to make payment to A. That trust is extinguished at the point that B fully pays A.
>
> Now, if, in turn, B sells the goods to C, can C develop a trust as well in that relationship to pay B?
>
> MR. GARDNER. He develops a trust in his relationship with B. C develops a trust relationship with B.
>
> . . . . .
>
> MR. PANETTA. So you are saying in each of the transactions then, there is a trust obligation?
>
> MR. GARDNER. Right. Yes, sir.
>
> MR. PANETTA. This is like being back in law school. The question then arises, can A pursue the action against C in that chain?
>
> MR. GARDNER. No.

Amendments to the Perishable Agricultural Commodities Act: Hearing on H.R. 3867, Before the Subcomm. On Domestic Marketing, Consumer Relations and Nutrition of the House Committee on Agriculture, 98th Cong., 1st Sess. at 24–25 (11/8/83), Serial No. 98–41.

Clearly Congress intended that the statute create a trust between the original buyer and the seller, but not between the seller and a subsequent purchaser from the original buyer.

In the case at bar, the pertinent facts as stipulated are as follows:

Woerner had no contract, relationship or dealings with So Good. Most of the potatoes which Thompson purchased from Woerner were shipped directly from growers to So Good. Thompson took independent title to said potatoes upon Thompson's purchase of the potatoes from Woerner. So Good had no involvement in Thompson's negotiations with Woerner for the purchase of the potatoes. Woerner was not involved in So Good's negotiations with Thompson for the purchase of potatoes and none of the said documents reflecting So Good's purchase of potatoes from Thompson make any reference to Woerner.

As this stipulation indicates, there is no issue of fact as to the absence of a buyer/seller relationship between the Debtor and Woerner. In one respect, the Debtor was only a delivery location for the commodities which were the subject of the Woerner/Thompson contracts. The PACA statute did not anticipate the creation of a trust relationship between the Debtor and the Seller in these circumstances.

Therefore, upon consideration of these pleadings and the record as a whole, the Court has determined that there is no genuine issue as to any material fact, and that CFC is entitled to judgment as a matter of law. It is not necessary to address the several other arguments offered on behalf of CFC.

The Chapter 7 Trustee has adopted and incorporated the position of CFC with respect to the Motion for Summary Judgment. To the extent that the Trustee has presented other grounds for relief in the Adversary Proceedings, his motion is denied as moot.

As part of the numerous pleadings in these matters, the Plaintiff has submitted an opposing Motion for Summary Judgment. In view of the holding described above, Woerner is not entitled to judgment as a matter of law and its motion is denied.

By separate Order, the Motion of CFC for Summary Judgment is granted.